NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 2, 2020[*]
Decided February 3, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 20-1491

| | |
|---|---|
| CHRISTINA LYONS, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Southern District of |
| | Indiana, Indianapolis Division. |
|     *v.* | |
| | No. 1:20-cv-00265-TWP-MJD |
| WILLIAM R. MORRIS, JR. and INDIANA | |
| LEGAL SERVICES, INCORPORATED, | Tanya Walton Pratt, |
|     *Defendants-Appellees.* | *Judge*. |

**O R D E R**

Christina Lyons appeals the dismissal for lack of subject-matter jurisdiction of her suit against her former counsel, William R. Morris, and his employer, Indiana Legal

---

[*] Appellees were not served with process in the district court and are not participating in this appeal. We have agreed to decide this case without oral argument because the appellant's brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. See FED. R. APP. P. 34(a)(2)(C).

Services, Incorporated. Lyons alleged neither a federal claim nor one that gives rise to diversity jurisdiction, and so we affirm.

Lyons's complaint asserted three state-law theories (breach of fiduciary duty, fraud upon the court, and legal malpractice) against Morris and Indiana Legal Services based on Morris's representation of her in a landlord-tenant proceeding she was pursuing in Indiana's state courts. The complaint alleged that all parties were citizens of Indiana, but that the district court had "supplemental jurisdiction" over Lyons's claims because of a "Related Case"—an apparent reference to a federal discrimination suit against her former landlord that she hoped to consolidate with this one. See *Lyons v. Gene B. Glick, Inc.*, No. 1:19-cv-04221-TWP-MJD (S.D. Ind.). The district court screened the complaint, see 28 U.S.C. § 1915(e)(2)(B). It could not discern a basis for federal subject-matter jurisdiction and ordered Lyons to show cause why the case should not be dismissed. Lyons amended her complaint but largely repeated the same allegations, and so the district court dismissed the action for lack of subject-matter jurisdiction. See 28 U.S.C. §§ 1331, 1332.

On appeal, Lyons again asserts that she filed her complaint under the district court's "supplemental jurisdiction," apparently referring to 28 U.S.C. § 1367. But a district court cannot exercise supplemental jurisdiction over state-law claims unless a federal claim is also "properly brought" before it. *Bailey v. City of Chicago*, 779 F.3d 689, 696 (7th Cir. 2015). Because Lyons's complaint in this case did not state any claim within federal jurisdiction, the district court had no choice but to dismiss.

Lyons also maintains that the district court dismissed her case prematurely, without allowing her to amend her complaint. But this argument rests on a mistaken assumption. The court did permit Lyons to amend her complaint once in the present case to address its jurisdictional defects. It was under no obligation to allow further amendments where doing so would be futile, as it would be here. See *Doermer v. Callen*, 847 F.3d 522, 528 (7th Cir. 2017).

Lyons finally urges that this case should have been consolidated with her other federal case against her former landlord. But Lyons filed her motion to consolidate in *that* case, not this one, and her motion was denied. See *Lyons v. Gene B. Glick, Inc.*, No. 1:19-cv-04221-TWP-MJD (S.D. Ind. March 25, 2020). In addition, she apparently did not move to amend her complaint in the other case. Even if she had, this appeal is not the proper place to challenge any rulings in a different matter, including the denial of her motion to consolidate the two cases.

AFFIRMED